CASTRO (UNITED STATES v.). See Cases Nos. 14,749–14,754.

CATALINO (BUSSARD v.). See Case No. 2,228.

CATARA (KLEINE v.). See Case No. 7,869.

---

# Case No. 2,510.

## The CATAWANTEAK.

[2 Ben. 189.][1]

District Court, S. D. New York. March, 1868.

SEAMEN'S WAGES—DESERTION—ENTRY IN LOG-BOOK.

1. Where a seaman shipped in New York for a voyage to Tampico and back, and, on the voyage back, the vessel put in at Key West for repairs, and, when she was ready to sail, he was not to be found, having gone ashore, without leave, to get some articles belonging to the vessel, which he had previously taken ashore to

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

be washed, and the master shipped another man in his place and sailed without him. and he afterwards came to New York. brought the articles to the vessel. and demanded his wages: *Held*, that, on the facts, the libellant had no intention of deserting the vessel, and did not desert, so as to incur a forfeiture of his wages under the twenty-fifth section of the act of August 18th, 1856.

2. That, as neither the name of the seaman, nor the fact that he was absent without leave, were entered in the log-book, the libellant had not forfeited his wages under the fifth section of the act of July 20th, 1790.

In admiralty. This was a libel for seaman's wages. The libellant shipped by the name of Albert Wright, on the shipping-articles, as cook and steward, for a voyage from New York to Tampico, Mexico, and back to a port of discharge in the United States, on the 3d of July, 1867. He went in the vessel to Tampico, and thence to Key West, where the vessel put in in distress for repairs, and where she was detained for some time. On the 31st of October, 1867, when the vessel was ready to leave Key West for New York, the libellant could not be found, he having gone ashore, without permission, for the purpose of getting some articles belonging to the vessel, which he had previously taken on shore to be washed. It does not appear that he had the consent of the proper officers of the vessel to have the articles in question washed on shore, or that they knew of the fact. The libellant was advised that the vessel was to sail, and went on shore without leave, and without notifying any officer of the vessel of his intention, probably expecting to return before the vessel should leave. He was sought for on shore, but could not be found, and the master was obliged to ship another man in his place at Key West, and the vessel left without him, and he subsequently found his way to New York by another vessel. He brought with him the washed articles and restored them to the vessel, and demanded his wages.

A. Nash, for libellant.

Beebe, Donohue & Cooke, for defendant.

BLATCHFORD, District Judge. I think that the facts all go to show that, though the libellant went on shore without leave, and was left behind, he had no intention of deserting the vessel, and did not desert her in any such sense as to make him incur a forfeiture of his wages under the twenty-fifth section of the act of August 18, 1856 (11 Stat. 62). Nor, if he did desert, was the desertion noted on the list of the crew, and officially authenticated, as required by that act, so as to make the forfeiture of wages operative.

The particular defence set up in the answer is, that the libellant left the vessel without permission, and remained away for the space of more than forty-eight hours, and that an entry of this was duly made in the log-book of the vessel on the day on which he absented himself, and that he there-

by forfeited his wages. The forfeiture thus set up is claimed under the fifth section of the act of July 20, 1790 (1 Stat. 133). But the defence is not made out. The statute must be strictly complied with, in order to make the forfeiture operative. The entry in the log-book must state the fact and date of absence, and the name of the seaman, and must show that his absence was without leave. The entry in the log-book, in this case, does not state the name of the seaman, or the fact that he was absent without leave.

The libellant is entitled to a decree for his wages, at thirty dollars per month, from the time his service on board commenced, until the 31st of October, 1867, less the payments and credits thereon to which—the vessel is entitled. It is impossible for me to decide, from the evidence, what such payments and credits are, and, unless the parties agree, there must be a reference to a commissioner to ascertain them.